HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAN VAN MECHELEN,<br><br>   Plaintiff,<br><br>   v.<br><br>UNITED STATES DEPARTMENT<br>OF THE INTERIOR<br><br>   Defendant. | Case No. C05-5393<br><br>ORDER GRANTING DEFENDANT'S<br>MOTION FOR SUMMARY JUDGMENT |

**1.   Introduction.**

This matter is before the court on Defendant's Motion for Summary Judgment. [Dkt. #21]. The case involves an allegation by *pro se* plaintiff, Dan Van Mechelen ("Van Mechelen"), that Defendant, the United States Department of the Interior (the "Department"), has improperly withheld documents that Van Mechelen has requested under the Freedom of Information Act, 5 U.S.C. § 552 (the "FOIA"). Van Mechelen seeks an order directing the Department to produce such documents. The Department maintains that each withheld document is privileged under FOIA Exemption 5, 6, or 7(C).

Van Mechelen's FOIA request pertains to documents generated by the Department's Office of the Inspector General (the "OIG") as a result of an investigation beginning in June 2002. This investigation was initiated when Van Mechelen complained about duplicative building leases by the Bureau of Indian Affairs in Aberdeen and Taholah, Washington, and ensuing possible violations of federal law. Van Mechelen received a Report of Investigation (the "ROI") from the OIG concerning his complaint. The ROI contained 185 pages,

and approximately 182 pages were determined to be amenable to production under the FOIA, and were subsequently released, either in full or in part. An additional 3 pages were withheld in full.

Van Mechelen argues that the ROI is incomplete, and has identified four additional documents to which he is entitled under his FOIA request:

(i) A written communication from Neal McCaleb, BIA Assistant Secretary, to M. Douglas Scott, Assistant Inspector General for Program Integrity, in response to Mr. Scott's October 31, 2002 referral for the BIA to investigate Van Mechelen's OIG complaint;

(ii) The BIA Assistant Secretary's approval for establishing the Taholah Field Office, in response to a December 7, 1999 request from the acting Northwest Regional Director; and

(iii) Two organizational charts for (a) the "Proposed Olympic Peninsula Agency" and (b) "The Taholah Field Office," both bearing approval signatures.

The Department asserts that each of the withheld documents are exempt from production under three exemptions to the FOIA: (i) the inter-agency or intra-agency memorandum privilege found in Exemption 5; (ii) the personnel and privacy privilege of Exemption 6; and (iii) the protection of personal records compiled for law enforcement purposes, embodied in Exemption 7(C). Thus, the core question presented here is whether the Department's construction of Exemption 5, 6, and 7(C) of the FOIA is proper.

Additionally, Van Mechelen seeks formal discovery. The Department argues that discovery is not typically necessary in FOIA cases, and that it is not appropriate in this case.

**2.  Summary Judgment Standard.**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the non-moving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be

granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

### 3. Discussion.

**A.     FOIA Cases are Decided Based Upon Summary Judgement and a Detailed Public Record.**

It is well-settled that FOIA cases are regularly resolved on summary judgement. See *Miscavige v. I.R.S.*, 2 F.3d 366, 369 (11th Cir. 1993) ("FOIA cases should be handled on motions for summary judgement, once documents in issue are properly identified.")  The central purpose of the FOIA is to facilitate the availability of records to the public, unless those records are subject to one of nine enumerated exemptions. 5 U.S.C. § 552 (a)(3), 552(b).  The agency has the burden of proof to demonstrate that any withheld documents or records are subject to those enumerated exemptions.  In examining whether the agency has met its burden of proof several methods have consistently been applied by the courts: the *Vaughn* index; *ex parte in camera* review of the withheld documents in their unredacted form; or detailed public affidavits. *Cappabianca v. Commissioner, United States Customs Service*, 847 F. Supp. 1558, 1562 (M.D. Fla. 1994). The district court reviews an agency's response to a FOIA request on a *de novo* basis.  5 U.S.C. §552(a)(4)(B).  Furthermore, a court must have an adequate factual basis to determine if the withheld documents are privileged under the FOIA exemptions.  *Id*. at 1562; *Doyle v. FBI*, 722 F.2d 554, 555 (9th Cir.1983).

The Department has included a declaration describing its search methods, along with a *Vaughn* index that correlates the withheld documents with the relevant exemptions claimed.  "*In camera* review . . . is designed to be invoked when the issue before the District Court could not otherwise be resolved." *Wiener v. Federal Bureau of Investigation*, 943 F.2d 972, 979 (9th Cir. 1991); *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 224 (1978).  "*In camera* inspection of documents is disfavored . . . where the government sustains its burden of proof by way of its testimony or affidavits." *Lewis v. IRS*, 823 F.2d 375, 378 (9th Cir. 1987); *Lion Raisins v. United States Department of Agriculture*, 354 F.3d 1072, 1079 (9th Cir. 2004).  The affidavits and the *Vaughn* index submitted by the government establish that the documents Van Mechelen seeks are properly withheld under Exemptions 5, 6, and 7(C).  No *in camera* review is required.

**B.     The Department Has Conducted a "Reasonable" Search.**

Van Mechelen claims that the Department failed to exercise a reasonable search.  This assertion is

without merit. In *Weisberg*, and *Perry v. Block*, the D.C. Circuit Court stated that the agency must show beyond a reasonable doubt that it has conducted a search reasonably calculated to uncover all relevant documents; "[t]he issue is *not* whether any further documents might conceivably exist but rather whether the government's search for responsive documents was adequate." *Weisberg v. United States Department of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983); *Perry v. Block*, 684 F.2d 121, 128 (D.C. Cir. 1982). The Court has reviewed the Department's detailed *Vaughn* index, along with the Declaration of Tia Barner, describing the search methods used, and has determined that the search was "reasonable."

**C.     Document No. 1 Has Already Been Provided to Van Mechelen.**

The first document Van Mechelen seeks is a written communication from Neal McCaleb, BIA Assistant Secretary, to M. Douglas Scott, Assistant Inspector General for Program Integrity, in response to Mr. Scott's October 31, 2002 referral for the BIA to investigate Van Mechelen's OIG complaint. This document does not exist as a written communication between Neal McCaleb, and M. Douglas Scott. [Dkt. #22]. Rather, the BIA response to the Assistant Inspector General is in the form of two memoranda from the BIA Acting Northwest Regional Director to the Assistant Inspector. These are a February 26, 2003 memorandum, and an accompanying attachment, as well as an April 8, 2003 supplemental memorandum. Both have already been provided to Van Mechelen as part of the ROI.

**D.     Document Nos. 2, 3(a) and (b) Are Improperly Requested From the OIG.**

The second, third, and fourth documents requested by Van Mechelen are not part of the ROI, which is the subject of Van Mechelen's FOIA request. Instead, these documents were developed by a separate governmental entity, the BIA. Van Mechelen's FOIA request was made to the OIG, and not to the BIA. Consequently, Van Mechelen must follow proper administrative procedures and file a new FOIA request with the BIA, if he seeks documents and records that were created and maintained by this agency.

**E.     FOIA Exemption 5.**

Exemption 5 to the FOIA provides that "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency" are appropriately withheld from dissemination to the public. 5 U.S.C. §552(b)(5). The overall purpose of this provision "is to allow agencies freely to explore possibilities, engage in internal debates, or play devil's advocate without fear of public scrutiny." *Assembly of the State of California v. United States Department of Commerce*, 968 F.2d

916, 920 (9th Cir. 1992). Moreover, the legislative history suggests that Congress' primary purpose in enacting Exemption 5 was to prevent agencies from being forced to "operate in a fishbowl," S.Rep. No. 813, 89th Cong., 1st Sess. 9 (1965), such that "candid exchange of ideas within an agency would cease, and the quality of decisions would suffer." *Id*. at 920; *NLRB v. Sears,* 421 U.S. 132, 150-54 (1975). In determining whether an agency's action meets the deliberative process privilege of Exemption 5, two requirements must be met: (i) the communication must be "predecisional," i.e., "prepared in order to assist an agency decisionmaker in arriving at his decision," *Renegotiation Board v. Grumman Aircraft Eng'g Corp.*, 421 U.S. 168, 184 (1975), and (ii) "deliberative," i.e., "the disclosure of [the] materials would expose an agency's decisionmaking process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions." *Dudman Communications Corp. v. Department of the Air Force*, 815 F.2d 1565, 1568 (D.C. Cir. 1987).

The draft memorandum of the Northwest Regional Director (Vaughn No.1) satisfies both of these requirements. This document is "predecisional" because it was prepared "intra-agency"in order to lead to a final decision: The appropriate briefing of a superior as to the results of an investigation. [Dkt. # 21]. It is also "deliberative" since the memorandum is an unfinished document, evidenced by the inclusion of a handwritten note in the margin, along with unfinished sentences, and a lack of signature. Disclosure of this document would compromise the Department's ability to receive independent and candid evaluations, opinions, and recommendations from its employees due to fears of premature release and public scrutiny. The Department's withholding of this document under Exemption 5 of the FOIA was proper.

**F.    FOIA Exemption 6 and 7(C)**.

The Department has redacted selected portions of the ROI. These consist mainly of names, contact information and signatures of lower-level agency employees, as well as non-Department employees and private citizens. The Department does so in reliance on Exemptions 6 and 7(C) of the FOIA. The corresponding *Vaughn* index numbers are 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, and 13.

Exemption 6 provides that the FOIA disclosure requirements do not apply to "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. §552(b)(6). The threshold requirement of this exemption is that the information must be

contained in personnel, medical, or similar files.  Here, it is undisputed that the redacted information is contained in letters addressed primarily to, and from, BIA and OIG employees.  As such, it seems reasonable that these letters fall under the statutory term "personnel" files.

Next, the Court must consider whether the disclosure of the documents would constitute a clearly unwarranted invasion of personal privacy.  *United States Department of State v. Washington Post Co.*, 456 U.S. 595, 598 (1982).  The release of the names and contact information related to BIA and OIG employees, along with private citizens, would constitute an unwarranted invasion of privacy.  Indeed, the individuals identified in the withheld documents have substantial privacy interests in not having their names and other personal information disclosed in connection with the investigation because of possible resulting embarrassment, harassment, and unwanted public attention.  *Schiller v. INS*, 205 F. Supp. 2d 648, 660 (W.D. Tex. 2002).  Van Mechelen's request for this information was appropriately denied under Exemption 6.

Exemption 7(C) applies to "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy."  5 U.S.C. §552(b)(7)(C).  Exemption 7(C) first requires that the document be compiled for law enforcement purposes.  In *Pratt v. Webster*, the D.C. Circuit Court defined the phrase "law enforcement purposes" as a document created in the course of an investigation "related to the enforcement of federal laws . . .and [the] nexus between [the] investigation and [the] agency's law enforcement duties [is] based on information sufficient to support at least a colorable claim of its rationality."  *Pratt v. Webster*, 673 F.2d 408, 420-21 (D.C. Cir. 1982).  This requirement is satisfied here as the ROI was compiled in connection with the OIG investigation of possible violations of federal law by the BIA.

Next, Exemption 7(C) requires the Court to balance the individual's right to privacy against the public interest in the document's release.  The privacy interests of the individuals named in the law enforcement records are significant in that having their personal contact information disclosed to the public could result in unnecessary public scrutiny, or embarrassment.  The public side of the privacy bargain is confined to the FOIA purpose of "shedding light on an agency's performance of its statutory duties."  *United States Department of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 1470 (1989).  The individual's privacy interests here supercede that of the public's right to disclosure.  The Department's reliance on

Exemption 7(C) of the FOIA was justified.

**G.    Discovery Is Unwarranted as Part of Van Mechelen's FOIA Request.**

Van Mechelen seeks to compel discovery of the above-mentioned withheld documents. Van Mechelen believes that discovery of these documents and records will either confirm or refute his concerns of agency misconduct here. Discovery is not ordinarily part of a FOIA case, and the decision whether to allow discovery rests within the discretion of the district court judge. *Schiller v. INS*, 205 F. Supp. 2d 648, 653-54 (W.D. Tex. 2002). "Discovery has been found to be unwarranted where the court is satisfied the exemptions have been appropriately applied." *Id.* at 654; *Ajluni v. Federal Bureau of Investigation*, 947 F. Supp. 599, 608 (N.D.N.Y. 1996). Because the Department has satisfied its burden of proof that Exemptions 5, 6, and 7(C) apply to the withheld documents, discovery is not warranted here.

**H.    The Timeliness of the Department's Response is Inconsequential**.

Van Mechelen maintains that the timeliness of the Department's response to his FOIA request is inconsistent with the statutory time limits provided for in 5 U.S.C. §552(a)(6)(A)(i), (ii); and (a)(6)(B) (i), (ii). Although technically correct, Van Mechelen has not shown what, if any, administrative remedies are available to him, nor has he shown any cognizable harm to his interests from the Department's failure to respond to his FOIA request in a timely manner. Furthermore, the documents that Van Mechelen seeks are not available to him, regardless. As such, it is unclear how the Department's failure to respond to Van Mechelen's FOIA request in the statutory time provided has adversely affected his interests.

The Defendant's Motion for Summary Judgment is **GRANTED**, and the Plaintiff's Complaint is hereby **DISMISSED** with prejudice.

As there are no remaining claims, the clerk shall enter a Judgment in favor of the Defendants.

DATED this 9TH day of November, 2005

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE